**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Made Event LLC** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **M Event Acquisition LLC** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **88-2156272** |
| 4. | Debtor's address | **Principal place of business**<br>**140 Stewart Ave Brooklyn, NY, 11237**<br>Number, Street, City, State & ZIP Code<br><br>**Kings**<br>County<br><br>**Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **https://www.avant-gardner.com/** |
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Made Event LLC**  Case number (*if known*) _____
       Name

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☒ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
      http://www.uscourts.gov/four-digit-national-association-naics-codes.

   **7113**

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11. *Check all that apply*:

       ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

       ☐ A plan is being filed with this petition.

       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ☒ No.
   ☐ Yes.

   District _____  When _____  Case number _____
   District _____  When _____  Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ☒ Yes.

Debtor **Made Event LLC**  Case number (*if known*) _____
     Name

List all cases. If more than 1, attach a separate list

Debtor *See Schedule 1*                    Relationship _____
District _____ When _____ Case number, if known _____

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

**Statistical and administrative information (on a consolidated basis)**

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☒ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **Made Event LLC**                                                                         Case number (*if known*)
      Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/04/2025
                MM / DD / YYYY

**X** */s/ Gary Richards*                                          **Gary Richards**
     Signature of authorized representative of debtor              Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

**X** */s/ Sean M. Beach*                                    Date   08/04/2025
     Signature of attorney for debtor                                   MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **302-571-6600**       Email address    **sbeach@ycst.com**

   **4070 DE**
Bar number and State

## SCHEDULE 1

**Pending Bankruptcy Cases Filed by Affiliated Entities**

On the date hereof, each of the related entities listed below (collectively, the "**Debtors**"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "**Court**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Avant Gardner, LLC | 81-2596504 |
| EZ Festivals LLC | 88-2168854 |
| AGDP Holding Inc. | 82-1406504 |
| AG Management Pool LLC | 33-1429962 |
| Made Event LLC | 88-2156272 |
| Reynard Productions, LLC | 47-5145431 |

# AGDP HOLDING INC.

# AVANT GARDNER, LLC

# REYNARD PRODUCTIONS, LLC

# EZ FESTIVALS LLC

# MADE EVENT LLC

# AG MANAGEMENT POOL LLC

**Secretary's Certificate Attaching Resolutions**

August 3, 2025

I, Faisal Lateef, Secretary of each entity set forth above and on the signature page below (the "Companies"), do hereby certify the following:

1. I am the duly qualified and appointed Secretary of each of the Companies.

2. Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted by the board of directors, the sole member, the shareholder, the manager, or other similar governing authority, as applicable (each, an "Approving Party") of each Company acting pursuant to its respective bylaws, operating agreement or limited liability company agreement (as amended, amended and restated, modified, supplemented, or replaced from time to time, the "Governing Documents").

3. The Resolutions are not inconsistent with the Governing Documents.

4. The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

[*Signature page follows*]

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

**AGDP HOLDING INC.**
**AVANT GARDNER, LLC**
**REYNARD PRODUCTIONS, LLC**
**EZ FESTIVALS LLC**
**MADE EVENT LLC**
**AG MANAGEMENT POOL LLC**

By: _____
Name: Faisal Lateef
Title: Secretary

**RESOLUTIONS**

**OF**

**THE APPROVING PARTIES**

**OF**

**AGDP HOLDING INC.**

**AVANT GARDNER, LLC**

**REYNARD PRODUCTIONS, LLC**

**EZ FESTIVALS LLC**

**MADE EVENT LLC**

**AG MANAGEMENT POOL LLC**

**Dated as of: August 3, 2025**

Pursuant to a special meeting (the "Meeting") of the board of directors of Parent (as defined below), which is the sole member of the other Companies (in each case, the "Approving Party") at which a quorum was present, upon a motion duly made and seconded and acting pursuant to each Company's organizational documents, each Approving Party took the following actions and adopted the following resolutions.

WHEREAS, the Approving Party of each of AGDP HOLDING INC., a New York corporation ("Parent"), AVANT GARDNER, LLC, a New York limited liability company ("Avant Gardner"), REYNARD PRODUCTIONS, LLC, a New York limited liability company ("Reynard"), MADE EVENT LLC, a Delaware limited liability company ("Made Event"), EZ FESTIVALS LLC, a Delaware limited liability company ("EZ"), and AG Management Pool LLC, a New York limited liability company ("AG Pool" and together with Parent, Avant Gardner, Reynard, Made Event, and EZ, each a "Company" and collectively, the "Companies"), has considered certain materials presented by, or on behalf of, each Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on each Company's business;

WHEREAS, each Approving Party has reviewed and considered presentations by Management and the Advisors of each Company regarding the advantages and disadvantages of filing a voluntary petition for relief (the "Bankruptcy Petition") for each Company pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

WHEREAS, each Approving Party has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to each Company; and

WHEREAS, each Approving Party has determined, in the judgment of each Approving Party, that the following resolutions are advisable and in the best interests of each Company, its creditors, equity holders, and other parties in interest.

1. **APPROVAL OF VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF**

NOW, THEREFORE, BE IT RESOLVED, that that each Approving Party has considered its fiduciary duties under applicable law in exercising their powers and discharging its duties, to act honestly and in good faith with a view to the best interests of each Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

FURTHER RESOLVED, that that in the judgment of each Approving Party, it is desirable and in the best interests of each Company, its creditors, equity holders, and other parties in interest that each Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition for each Company under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements of each Company's Governing Documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition (the chapter 11 cases initiated by the filing of the Bankruptcy Petitions, the "Chapter 11 Cases");

FURTHER RESOLVED, that the CEO, CFO, Treasurer, President, any Vice President, Secretary, as applicable, of each Company and any other person designated by any of the foregoing (each, a "Proper Officer", and collectively, the "Proper Officers"), any one of whom may act without the joinder of any of the others, are hereby authorized, in the name and on behalf of each applicable Company, to file on behalf of any Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Proper Officer deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each Company and/or obtain additional financing in accordance with the Bankruptcy Code, and all acts of any such Proper Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects;

2. **DEBTOR IN POSSESSION FINANCING**

FURTHER RESOLVED, that each Company will obtain benefits, as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of each Company, from (1) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), to the extent applicable, which is security for prepetition secured lenders and their respective agents (collectively, the "Secured Parties"), if any, and (2) the incurrence of a $45 million senior secured superpriority debtor-in-possession term loan facility under that certain Debtor in Possession Secured Term Promissory Note, by and among Parent and Avant Gardner, as the borrowers, and the lenders from time to time party thereto, and Alter Domus (US) LLC, as administrative agent, which shall include: (a) a new money term loan facility in the aggregate amount of $25 million (the "New Money DIP Facility" and the loans advanced under the New Money DIP Facility, the "New Money DIP Loans") and (b) upon entry of a final order by the Bankruptcy Court authorizing the DIP Facility, a roll-up facility in the aggregate amount of $20 million (the "Roll-Up Loans," and the Roll-Up Loans together with the New Money DIP Loans, the "DIP Facility");

FURTHER RESOLVED, that in order to use and obtain the benefits of the DIP Facility and any Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will grant and allow perfection of certain liens and other security interests in favor of and for the benefit of the Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "DIP Order") to be filed with the Bankruptcy Court;

2

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Facility be, and hereby are, in all respects approved on the terms and conditions substantially similar to those set forth in the form of DIP Documents (as defined below) previously provided and/or described to each Approval Party, and each Company is authorized and empowered to (a) enter into the DIP Facility, subject to approval by the Bankruptcy Court, and (b) seek entry of the DIP Order and any other such order authorizing entry into, and consummation of, the DIP Facility and the DIP Documents (as defined below);

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Proper Officer of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of (a) the DIP Order and the DIP Facility, (b) such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Facility, the "DIP Documents"), and (c) any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Proper Officer in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable), the approval of which shall be conclusively established by the execution and delivery thereof;

FURTHER RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code, upon filing of the Bankruptcy Petitions, be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the agent under the DIP Facility (the "DIP Agent") to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order;

FURTHER RESOLVED, that that each of the Proper Officers of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

3

3. **RETENTION OF PROFESSIONALS**

FURTHER RESOLVED, that each of the Proper Officers, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to retain the following professionals on behalf of each Company: (i) the law firm of Young Conaway Stargatt & Taylor, LLP as general bankruptcy counsel (ii) the financial advisory firm of Triple P TRS, LLC as financial advisors, (iii) the investment banking firm of Triple P Securities, LLC as investment banker; (iv) Kurtzman Carson Consultants, LLC dba Verita Global, as claims and noticing agent and administrative advisor; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals as such Proper Officer deems necessary, appropriate, or advisable to represent and assist the applicable Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of each Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Proper Officers be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

FURTHER RESOLVED, that each of the Proper Officers be, and hereby are, authorized and empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, or other papers, and to perform such further actions and execute such further documentation that the Proper Officers in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions;

4. **GENERAL AUTHORITY**

RESOLVED, that each Proper Officer, any one of whom may act without the joinder of any of the others, hereby is authorized in the name and on behalf of each applicable Company to take all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, amendments, amendments and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions, extensions, consents, waivers, reports, documents, instruments, applications, notes or certificates known or not now known but which may be required, (ii) the negotiation of such changes and additions to any agreements, amendments, amendments and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions, extensions, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing, (iii) the execution, delivery and filing (if applicable) of any of the foregoing (including by facsimile, electronic or comparable method) and (iv) the payment of all fees, consent payments, taxes, indemnities and other expenses as any such Proper Officer, in his or her sole discretion, may approve or deem necessary, appropriate or advisable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Proper Officer deemed the same to be so necessary, appropriate or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing resolutions hereby are approved, adopted, ratified and confirmed in all respects as the acts and deeds of each Company as if specifically set out in these resolutions.

5. **ACTION AGAINST TVT**

RESOLVED, that the applicable Company is hereby authorized to file a complaint against TVT Capital Source LLC ("TVT"), Insta Funding LLC ("Insta Funding"), and Pinnacle Business Funding LLC ("Pinnacle") for the purposes of pursuing an adversary proceeding in conjunction with the chapter 11 cases regarding the disputed transactions described in the materials filed with the chapter 11 petitions.

4

6. **RATIFICATION OF PAST ACTIONS**

      RESOLVED, that all acts and deeds of any Proper Officer taken prior to the date hereof to carry out the intent and accomplish the purposes of the foregoing resolutions are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of each Company.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGDP HOLDING INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-[•] ([•])<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1. Debtor AGDP Holding Inc. is a privately-held corporation. Juergen Bildstein holds 100% of the equity in Debtor AGDP Holding Inc. The mailing address for Juergen Bildstein is on file with the Debtors.

2. Debtors Avant Gardner, LLC, AG Management Pool LLC, EZ Festivals LLC, Made Event LLC, and Reynard Productions, LLC are wholly-owned by Debtor AGDP Holding Inc., whose mailing address is 140 Stewart Ave, Brooklyn, NY, 11237.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are AGDP Holding Inc. (6504); Avant Gardner, LLC (6504); AG Management Pool LLC (9962); EZ Festivals LLC (8854); Made Event LLC (6272); and Reynard Productions, LLC (5431). The Debtors' service address is 140 Stewart Ave, Brooklyn, NY 11237, Attn: General Counsel.

**Fill in this information to identify the case:**
Debtor name: Made Event LLC *et al.*
United States Bankruptcy Court for the District of Delaware
Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HEINI LIMITED LIABILITY CORPORATION<br>558 MACDONOUGH STREET, #3<br>BROOKLYN, NY 11233 | EMAIL: ACCOUNTING@HEINI.BUILD | TRADE CLAIM | DISPUTED | | | $ 2,093,811.33 |
| 2 | BLACK COFFEE ENTERTAINMENT (PTY) LTD<br>9 AUTUMN STREET<br>RIVONIA, JOHANNESBURG 2191<br>SOUTH AFRICA | EMAIL: CRISTIANA@REALBLACKCOFFEE.NET | TRADE CLAIM | DISPUTED | | | $ 1,870,000.00 |
| 3 | PACKIN REALTY COMPANY<br>5 HEMLOCK HOLLOW PLACE<br>ARMONK, NY 10504 | EMAIL: GPACKIN@DMLUMBER.COM | UNSECURED DEBT | | | | $ 1,500,000.00 |
| 4 | GATEWAY PRODUCTIONS<br>10 MULLIKEN WAY<br>NEWBURYPORT, MA 10950 | EMAIL: ACCOUNTSPAYABLE@GATEWAY-PRODUCTIONS.COM | TRADE CLAIM | | | | $ 1,055,050.00 |
| 5 | DICE FM INC.<br>10 GRAND STREET<br>SUITE 400<br>BROOKLYN, NY 11249 | EMAIL: RUSS@DICE.FM | TRADE CLAIM | UNLIQUIDATED | | | $ 843,157.69 |
| 6 | NOVA TRAFFIC AG<br>OBERFELDSTRASSE 14<br>KLOTEN, CH-8302<br>SWITZERLAND | EMAIL: NOVA@NOVATRAFFIC.CH | TRADE CLAIM | | | | $ 622,854.79 |
| 7 | AEG PRESENTS LLC<br>53 W 23RD ST,<br>FLOOR 5<br>NEW YORK, NY 10010 | EMAIL: JGLANCY@BOWERYPRESENTS.COM | TRADE CLAIM | UNLIQUIDATED | | | $ 535,000.00 |
| 8 | ABLE EQUIPMENT RENTAL INC<br>1850 GATEWAY BLVD<br>CONCORD, CA 30384-0711 | EMAIL: ACCOUNTSRECEIVABLE@ABLEEQUIPMENT.COM | TRADE CLAIM | | | | $ 509,953.83 |
| 9 | CHRISTIE LITES ENTERPRISES<br>6990 LAKE ELLENOR DRIVE<br>ORLANDO, FL 32809 | EMAIL: CMCME@CHRISTIELITES.COM | TRADE CLAIM | | | | $ 492,904.85 |
| 10 | DOMINIC CAPPELLETTI DBA NIGHTMODE<br>ADDRESS ON FILE | | TRADE CLAIM | | | | $ 451,362.84 |
| 11 | One Pulse Group LLC<br>6280 SPRING MOUNTAIN RD<br>SUITE 115<br>LAS VEGAS, NV 89146 | EMAIL: LUFFY@ONEPULSEEVENT.COM | TRADE CLAIM | | | | $ 381,327.31 |
| 12 | PLUS MUSIC US INC.<br>5 PENNSYLVANIA PLAZA<br>SUITE 2300<br>NEW YORK, NY 10001 | EMAIL: CONTACT@PLUSMUSIC-US.COM | TRADE CLAIM | | | | $ 311,762.60 |
| 13 | BROOKSIDE ENVIRONMENTAL, INC.<br>22 OCEAN AVENUE<br>COPIAGUE, NY 11726 | EMAIL: BGRAHAM@BROOKSIDEWEB.COM | TRADE CLAIM | | | | $ 247,387.37 |
| 14 | CREATIVE ARTISTS AGENCY<br>2000 AVENUE OF THE STARS<br>LOS ANGELES, CA 90067 | EMAIL: CROSSOVERACCOUNTING@CAA.COM | TRADE CLAIM | | | | $ 244,288.00 |
| 15 | MCALPINE<br>390 5TH AVE<br>SUITE 802<br>NEW YORK, NY 10018 | EMAIL: JOHN@MCALPINECONTRACTINGCO.COM | TRADE CLAIM | | | | $ 236,429.45 |
| 16 | STRIPE<br>354 OYSTER POINT BLVD SOUTH<br>SAN FRANCISCO, CA 94080 | EMAIL: ACCOUNTS@STRIPE.COM | TRADE CLAIM | UNLIQUIDATED | | | $ 235,293.73 |
| 17 | TOMEXPO AG<br>1 GARTENSTRASSE<br>WIEDLISBACH, 4537<br>SWITZERLAND | EMAIL: INFO@TOMEXPO.COM | TRADE CLAIM | | | | $ 219,900.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | IRON GROUP CORP. 2354 CONEY ISLAND AVE BROOKLYN, NY 11223-5002 | EMAIL: INFO@IRONWORKSPRO.COM | TRADE CLAIM | DISPUTED | | | $ 214,164.71 |
| 19 | ZIN ELECTRICAL INC. 235 WEST END AVE BROOKLYN, NY 11235 | EMAIL: NORBERTG@ZINELECTRICAL.COM | TRADE CLAIM | | | | $ 206,840.05 |
| 20 | CID PLUMBING 59 SATTERLEE STREET STATEN ISLAND, NY 10307 | EMAIL: INFO@CID247.COM | TRADE CLAIM | | | | $ 202,550.05 |
| 21 | MTD USA LLC 5101 CHATOOGA DRIVE LITHONIA, GA 30038 | EMAIL: INFO.US@MTD.NET | TRADE CLAIM | DISPUTED | | | $ 200,000.00 |
| 22 | HARD FEELINGS LLC 184 KENT AVENUE BROOKLYN, NY 11249 | EMAIL: SVETA.ERMOLAEVA@GMAIL.COM | TRADE CLAIM | | | | $ 190,000.00 |
| 23 | TELECOM INFRASTRUCTURE CORP 122 EAST 42ND STREET SUITE 1900 NEW YORK, NY 10168 | EMAIL: BMASON@TELECOM-WIRING.COM | TRADE CLAIM | | | | $ 187,124.40 |
| 24 | BROWNTECH 72 BOWNE STREET BROOKLYN, NY 11237 | EMAIL: BOWNETECHCORP@GMAIL.COM | TRADE CLAIM | | | | $ 176,000.00 |
| 25 | MONCON 1 BLUE HILL PLAZA 10TH FLOOR PEARL RIVER, NY 10965 | EMAIL: CAROLINE@MONCONINC.COM | TRADE CLAIM | | | | $ 153,077.00 |
| 26 | ALEX JOSOWITZ ADDRESS ON FILE | | TRADE CLAIM | UNLIQUIDATED | | | $ 141,392.60 |
| 27 | WIZARD STUDIOS NORTH, INC 2-15 26TH AVENUE ASTORIA, NY 11102 | EMAIL: SHAWN@WIZARDSTUDIOS.COM | TRADE CLAIM | | | | $ 133,436.00 |
| 28 | UNITED SITE SERVICES FORMERLY JOHNNY ON THE SPOT 3168 BORDENTOWN AVE OLD BRIDGE, NJ 08857 | EMAIL: AR_TRISTATE@UNITEDSITESERVICES.COM | TRADE CLAIM | | | | $ 126,751.10 |
| 29 | GRANT THORNTON LLP 1415 VANTAGE PARK DRIVE SUITE 500 CHARLOTTE, NC 28203 | EMAIL: CASH@US.GT.COM | PROFESSIONAL SERVICES CLAIM | | | | $ 126,750.00 |
| 30 | SINGER EQUIPMENT COMPANY, INC. 150 SOUTH TWIN VALLEY ROAD ELVERSON, PA 19520 | EMAIL: ASELIG@SINGEREQUIPMENT.COM | TRADE CLAIM | | | | $ 124,650.39 |

**Fill in this information to identify the case:**

Debtor name: __Made Event LLC__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08/04/2025__    X    __/s/ Gary Richards__
                                   Signature of individual signing on behalf of debtor

                                   **Gary Richards**
                                   Printed name

                                   **Chief Executive Officer**
                                   Position or relationship to debtor